A. KRISTINE FLOYD (BAR NO. 155930)
JULIE W. RUSS (BAR NO. 198246)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
1900 Main Street, Fifth Floor
Irvine, California 92614-7321
Phone: (949) 553-1313
Fax: (949) 553-8354
E-Mail: kfloyd@allenmatkins.com
        jruss@allenmatkins.com

Attorneys for Defendants
Lincoln BP Management, Inc.; Camp Pendleton &
Quantico Housing, LLC; LPC Pendleton Quantico
PM, Inc.; Lincoln Military Property Management,
Inc.; and Lincoln Property Company

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY WAGGONER, TIMIYA WAGGONER, a minor, by and through her guardian ad litem BRITTANY WAGGONER,<br><br>        Plaintiffs,<br><br>    vs.<br><br>LINCOLN BP MANAGEMENT, INC.; CAMP PENDLETON & QUANTICO HOUSING LLC; LPC PENDLETON QUANTICO PM, INC.; LINCOLN MILITARY PROPERTY MANAGEMENT, INC.; LINCOLN PROPERTY COMPANY; TEXAS LINCOLN PROPERTY; UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF DEFENSE AND UNITED STATES DEPARTMENT OF THE NAVY AND DOES 1 through 500, inclusive,<br><br>        Defendants. | Case No. 11cv0277 IEG BLM<br><br>**ANSWER OF DEFENDANTS LINCOLN BP MANAGEMENT, INC.; CAMP PENDLETON & QUANTICO HOUSING LLC; LPC PENDLETON QUANTICO PM, INC.; LINCOLN MILITARY PROPERTY MANAGEMENT, INC.; AND LINCOLN PROPERTY COMPANY TO PLAINTIFFS' COMPLAINT**<br><br>**AND**<br><br>**DEMAND FOR JURY TRIAL** |

1    Defendants Lincoln BP Management, Inc., Camp Pendleton & Quantico
2    Housing, LLC, LPC Pendleton Quantico PM, Inc., Lincoln Military Property
3    Management, Inc. and Lincoln Property Company, erroneously also sued herein as
4    named Defendant Texas Lincoln Property which is not a legal entity and does not
5    exist (collectively "Defendants") hereby answer the Complaint ("Complaint") of
6    Plaintiffs Timothy Waggoner and Timiya Waggoner, a Minor, by and through her
7    Guardian ad Litem, Brittany Waggoner (collectively "Plaintiffs'") as follows:

8                                        **I.**

9                                   **PARTIES**

10       1.      Answering Paragraph 1 of the Complaint, Defendants are without
11   information or knowledge sufficient to form a belief as to the truth of the matters
12   asserted therein and, on that basis, deny generally and specifically each and every
13   allegation contained therein.

14       2.      Answering Paragraph 2 of the Complaint, Defendants admit that Camp
15   Pendleton & Quantico Housing, LLC has an ownership interest in the property
16   located at 118 Martin Street, Unit 118, Oceanside, California, including
17   improvements thereon (the "Property").    Except as so expressly admitted,
18   Defendants deny generally and specifically each and every remaining allegation
19   contained therein.

20       3.      Answering Paragraph 3 of the Complaint, Defendants admit that LPC
21   Pendleton Quantico PM, Inc. has managed the Property since on or about October 1,
22   2007.  Except as so expressly admitted, Defendants deny generally and specifically
23   each and every remaining allegation contained therein.

24       4.      Answering Paragraph 4 of the Complaint, Defendants are without
25   information or knowledge sufficient to form a belief as to the truth of the matters
26   asserted therein and, on that basis, deny generally and specifically each and every
27   allegation contained therein.

28

5.     Answering Paragraph 5 of the Complaint, Defendants are without information or knowledge sufficient to form a belief as to the truth of the matters asserted therein and, on that basis, deny generally and specifically each and every allegation contained therein.

6.     Answering Paragraph 6 of the Complaint, Defendants are without information or knowledge sufficient to form a belief as to the truth of the matters asserted therein and, on that basis, deny generally and specifically each and every allegation contained therein.

7.     Answering Paragraph 7 of the Complaint, Defendants deny generally and specifically each and every allegation relative to each of the Defendants. As to the remaining allegations in this Paragraph, Defendants are without information or knowledge sufficient to form a belief as to the truth of the matters asserted therein and, on that basis, deny generally and specifically each and every allegation contained therein.

## II.

## <u>OPERATIVE FACTS</u>

8.     Answering Paragraph 8 of the Complaint, Defendants admit that, on or about May 27, 2008, Camp Pendleton & Quantico Housing, LLC, by and through its authorized agent, LPC Pendleton Quantico PM, Inc., entered into a written lease agreement (the "Lease") with Timothy L. Waggoner and Brittany Waggoner for the Property and allege that the Lease speaks for itself. As to the allegations in this Paragraph concerning Timiya Waggoner, Defendants are without information or knowledge sufficient to form a belief as to the truth of the matters asserted therein and, on that basis, deny generally and specifically each and every allegation contained therein. As to the remaining allegations in this Paragraph, Defendants deny generally and specifically each and every remaining allegation contained therein.

9. Answering Paragraph 9 of the Complaint, Defendants deny generally and specifically each and every allegation relative to each of the Defendants. As to the remaining allegations in this Paragraph, Defendants are without information or knowledge sufficient to form a belief as to the truth of the matters asserted therein and, on that basis, deny generally and specifically each and every allegation contained therein.

10. Answering Paragraph 10 of the Complaint, Defendants admit that Plaintiff Timothy Waggoner complained of the following items (all of which were promptly and adequately repaired) while occupying the Property: (1) a hole in the wall/ceiling; (2) paint colors that did not match; (3) mailbox key that was sticking; (4) a crackling noise coming from the phone; (5) the bathtub drain in the master bathroom was slow; (5) missing blind(s); (6) the need for an additional mailbox key; (7) pest control (ants); (8) water leaking into the laundry room from the unit next door; (9) hole in the garage door; (10) loud noises made by the refrigerator; (11) burnt out bathroom light; (12) rattling ceiling fan; and (13) stove top burners that were not working. Defendants deny generally and specifically that Plaintiff Timiya Waggoner complained of any items with respect to the Property. As to the remaining allegations relative to each Defendant, Defendants deny generally and specifically each and every allegation in this Paragraph.

11. Answering Paragraph 11 of the Complaint, Defendants deny generally and specifically each and every allegation relative to each of the Defendants. As to the remaining allegations in this Paragraph, Defendants are without information or knowledge sufficient to form a belief as to the truth of the matters asserted therein and, on that basis, deny generally and specifically each and every allegation contained therein.

12. Answering Paragraph 12 of the Complaint, Defendants deny generally and specifically each and every allegation relative to each of the Defendants. As to the remaining allegations in this Paragraph, Defendants are without information or

knowledge sufficient to form a belief as to the truth of the matters asserted therein and, on that basis, deny generally and specifically each and every allegation contained therein.

## III.

### First Cause of Action

### (Negligence)

### A.

### General Negligence

### (All PLAINTIFFS Against All Defendants)

13.     Answering Paragraph 13 of the Complaint, Defendants refer to, repeat and reallege Paragraphs 1 through 12 of their Answer herein and by such reference, incorporate each of such paragraphs herein as though fully set forth hereat.

14.     Answering Paragraph 14 of the Complaint, Defendants deny generally and specifically each and every allegation relative to each of the Defendants.  As to the remaining allegations in this Paragraph, Defendants are without information or knowledge sufficient to form a belief as to the truth of the matters asserted therein and, on that basis, deny generally and specifically each and every allegation contained therein.

15.     Answering Paragraph 15 of the Complaint, Defendants deny generally and specifically each and every allegation relative to each of the Defendants.  As to the remaining allegations in this Paragraph, Defendants are without information or knowledge sufficient to form a belief as to the truth of the matters asserted therein and, on that basis, deny generally and specifically each and every allegation contained therein.

16.     Answering Paragraph 16 of the Complaint, Defendants deny generally and specifically each and every allegation relative to each of the Defendants.  As to the remaining allegations in this Paragraph, Defendants are without information or knowledge sufficient to form a belief as to the truth of the matters asserted therein

1  and, on that basis, deny generally and specifically each and every allegation

2  contained therein.

3       17.    Answering Paragraph 17 of the Complaint, Defendants deny generally

4  and specifically each and every allegation relative to each of the Defendants.  As to

5  the remaining allegations in this Paragraph, Defendants are without information or

6  knowledge sufficient to form a belief as to the truth of the matters asserted therein

7  and, on that basis, deny generally and specifically each and every allegation

8  contained therein.

9       18.    Answering Paragraph 18 of the Complaint, Defendants deny generally

10  and specifically each and every allegation relative to each of the Defendants.  As to

11  the remaining allegations in this Paragraph, Defendants are without information or

12  knowledge sufficient to form a belief as to the truth of the matters asserted therein

13  and, on that basis, deny generally and specifically each and every allegation

14  contained therein.

15       19.    Answering Paragraph 19 of the Complaint, Defendants deny generally

16  and specifically each and every allegation relative to each of the Defendants.  As to

17  the remaining allegations in this Paragraph, Defendants are without information or

18  knowledge sufficient to form a belief as to the truth of the matters asserted therein

19  and, on that basis, deny generally and specifically each and every allegation

20  contained therein.

21  **IV.**

22  **<u>SECOND CAUSE OF ACTION</u>**

23  **(Breach of Contract)**

24  **PLAINTIFFS [sic] TIMOTHY WAGGONER Against Defendants CAMP**

25  **PENDLETON & QUANTICO HOUSING; [sic] LLC; LPC PENDLETON**

26  **QUANTICO PM, INC. AND DOES 1 THROUGH 20)**

27

28

20.     Answering Paragraph 20 of the Complaint, Defendants refer to, repeat and reallege Paragraphs 1 through 19 of their Answer herein and by such reference, incorporate each of such paragraphs herein as though fully set forth hereat.

21.     Answering Paragraph 21 of the Complaint, Defendants admit that on or about May 27, 2008, Camp Pendleton & Quantico Housing, LLC, by and through its authorized agent, LPC Pendleton Quantico PM, Inc., entered into the Lease with Timothy L. Waggoner and Brittany Waggoner, a true and correct copy of which is attached to the Complaint as Exhibit B (not Exhibit A as alleged in the Complaint) for the Property.  Defendants further allege that the Lease speaks for itself.  As to the remaining allegations in this Paragraph, Defendants deny generally and specifically each and every remaining allegation contained therein.

22.     Answering Paragraph 22 of the Complaint, Defendants deny generally and specifically each and every allegation in this paragraph.  As to the remaining allegations in this Paragraph, Defendants are without information or knowledge sufficient to form a belief as to the truth of the matters asserted therein and, on that basis, deny generally and specifically each and every allegation contained therein.

23.     Answering Paragraph 23 of the Complaint, Defendants deny generally and specifically each and every allegation relative to each of the Defendants.  As to the remaining allegations in this Paragraph, Defendants are without information or knowledge sufficient to form a belief as to the truth of the matters asserted therein and, on that basis, deny generally and specifically each and every allegation contained therein.

24.     Answering Paragraph 24 of the Complaint, Defendants deny generally and specifically each and every allegation relative to each of the Defendants.  As to the remaining allegations in this Paragraph, Defendants are without information or knowledge sufficient to form a belief as to the truth of the matters asserted therein and, on that basis, deny generally and specifically each and every allegation contained therein.

**V.**

**THIRD CAUSE OF ACTION**

**(Breach of Implied Warranty of Habitability)**

**A.**

**Common Law Breach of Implied Warranty of Habitability**

**(PLAINTIFF TIMOTHY WAGGONER Against LINCOLN BP**

**MANAGEMENT, INC.; CAMP PENDLETON & QUANTICO HOUSING;**

**[sic] LLC; LPC PENDLETON QUANTICO PM, INC.; LINCOLN**

**MILITARY PROPERTY MANAGEMENT, INC.; LINCOLN PROPERTY**

**COMPANY; TEXAS LINCOLN PROPERTY)**

25.     Answering Paragraph 25 of the Complaint, Defendants refer to, repeat and reallege Paragraphs 1 through 24 of their Answer herein and by such reference, incorporate each of such paragraphs herein as though fully set forth hereat.

26.     Answering Paragraph 26 of the Complaint, Defendants deny generally and specifically each and every allegation relative to each of the Defendants.  As to the remaining allegations in this Paragraph, Defendants are without information or knowledge sufficient to form a belief as to the truth of the matters asserted therein and, on that basis, deny generally and specifically each and every allegation contained therein.

27.     Answering Paragraph 27 of the Complaint, Defendants admit that Plaintiff Timothy Waggoner complained of the following items (all of which were promptly and adequately repaired) while occupying the Property:  (1) a hole in the wall/ceiling; (2) paint colors that did not match; (3) mailbox key that was sticking; (4) a crackling noise coming from the phone; (5) the bathtub drain in the master bathroom was slow; (5) missing blind(s); (6) the need for an additional mailbox key; (7) pest control (ants); (8) water leaking into the laundry room from the unit next door; (9) hole in the garage door; (10) loud noises made by the refrigerator; (11) burnt out bathroom light; (12) rattling ceiling fan; and (13) stove top burners that

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

921113.01/OC

were not working. Defendants deny generally and specifically that Plaintiff Timiya Waggoner complained of any items with respect to the Property. As to the remaining allegations relative to each Defendant, Defendants deny generally and specifically each and every allegation in this Paragraph.

28. Answering Paragraph 28 of the Complaint, Defendants admit that monthly rent (pro-rated when necessary) was received for the Property from May 28, 2008 to November 2, 2009. As to the remaining allegations in this Paragraph, Defendants are without information or knowledge sufficient to form a belief as to the truth of the matters asserted therein and, on that basis, deny generally and specifically each and every allegation contained therein.

29. Answering Paragraph 29 of the Complaint, Defendants deny generally and specifically each and every allegation relative to each of the Defendants. As to the remaining allegations in this Paragraph, Defendants are without information or knowledge sufficient to form a belief as to the truth of the matters asserted therein and, on that basis, deny generally and specifically each and every allegation contained therein.

30. Answering Paragraph 30 of the Complaint, Defendants deny generally and specifically each and every allegation relative to each of the Defendants. As to the remaining allegations in this Paragraph, Defendants are without information or knowledge sufficient to form a belief as to the truth of the matters asserted therein and, on that basis, deny generally and specifically each and every allegation contained therein.

**B.**

**Statutory Breach of the Implied Warranty of Habitability**

**(PLAINTIFFS [sic] TIMOTHY WAGGONER [sic] LINCOLN BP MANAGEMENT, INC.; CAMP PENDLETON & QUANTICO HOUSING; [sic] LLC; LPC PENDLETON QUANTICO PM, INC.; LINCOLN MILITARY PROPERTY MANAGEMENT, INC.; LINCOLN PROPERTY COMPANY; TEXAS LINCOLN PROPERTY)**

31.　Answering Paragraph 31 of the Complaint, Defendants refer to, repeat and reallege Paragraphs 1 through 30 of their Answer herein and by such reference, incorporate each of such paragraphs herein as though fully set forth hereat.

32.　Answering Paragraph 32 of the Complaint, Defendants deny generally and specifically each and every allegation relative to each of the Defendants. As to the remaining allegations in this Paragraph, Defendants are without information or knowledge sufficient to form a belief as to the truth of the matters asserted therein and, on that basis, deny generally and specifically each and every allegation contained therein.

33.　Answering Paragraph 33 of the Complaint, Defendants deny generally and specifically each and every allegation relative to each of the Defendants. As to the remaining allegations in this Paragraph, Defendants are without information or knowledge sufficient to form a belief as to the truth of the matters asserted therein and, on that basis, deny generally and specifically each and every allegation contained therein.

34.　Answering Paragraph 34 of the Complaint, Defendants admit that Plaintiff Timothy Waggoner complained of the following items (all of which were promptly and adequately repaired) while occupying the Property: (1) a hole in the wall/ceiling; (2) paint colors that did not match; (3) mailbox key that was sticking; (4) a crackling noise coming from the phone; (5) the bathtub drain in the master bathroom was slow; (5) missing blind(s); (6) the need for an additional mailbox key;

(7) pest control; (8) water leaking into the laundry room from the unit next door; (9) hole in the garage door; (10) loud noises made by the refrigerator; (11) burnt out bathroom light; (12) rattling ceiling fan; and (13) stove top burners that were not working. Defendants deny generally and specifically that Plaintiff Timiya Waggoner complained of any items with respect to the Property. As to the remaining allegations relative to each Defendant, Defendants deny generally and specifically each and every allegation in this Paragraph.

35. Answering Paragraph 35 of the Complaint, Defendants admit that monthly rent (pro-rated when necessary) was received for the Property from May 28, 2008 to November 2, 2009. As to the remaining allegations in this Paragraph, Defendants are without information or knowledge sufficient to form a belief as to the truth of the matters asserted therein and, on that basis, deny generally and specifically each and every allegation contained therein.

36. Answering Paragraph 36 of the Complaint, Defendants deny generally and specifically each and every allegation relative to each of the Defendants. As to the remaining allegations in this Paragraph, Defendants are without information or knowledge sufficient to form a belief as to the truth of the matters asserted therein and, on that basis, deny generally and specifically each and every allegation contained therein.

37. Answering Paragraph 37 of the Complaint, Defendants deny generally and specifically each and every allegation relative to each of the Defendants. As to the remaining allegations in this Paragraph, Defendants are without information or knowledge sufficient to form a belief as to the truth of the matters asserted therein and, on that basis, deny generally and specifically each and every allegation contained therein.

# VI.

## FOURTH CAUSE OF ACTION

### (Nuisance)

### (All PLAINTIFFS Against All Defendants)

38. Answering Paragraph 31 of the Complaint, Defendants refer to, repeat and reallege Paragraphs 1 through 37 of their Answer herein and by such reference, incorporate each of such paragraphs herein as though fully set forth hereat.

39. Answering Paragraph 39 of the Complaint, Defendants deny generally and specifically each and every allegation relative to each of the Defendants. As to the remaining allegations in this Paragraph, Defendants are without information or knowledge sufficient to form a belief as to the truth of the matters asserted therein and, on that basis, deny generally and specifically each and every allegation contained therein.

40. Answering Paragraph 40 of the Complaint, Defendants deny generally and specifically each and every allegation relative to each of the Defendants. As to the remaining allegations in this Paragraph, Defendants are without information or knowledge sufficient to form a belief as to the truth of the matters asserted therein and, on that basis, deny generally and specifically each and every allegation contained therein.

41. Answering Paragraph 41 of the Complaint, Defendants deny generally and specifically each and every allegation relative to each of the Defendants. As to the remaining allegations in this Paragraph, Defendants are without information or knowledge sufficient to form a belief as to the truth of the matters asserted therein and, on that basis, deny generally and specifically each and every allegation contained therein.

42. Answering Paragraph 42 of the Complaint, Defendants deny generally and specifically each and every allegation relative to each of the Defendants. As to the remaining allegations in this Paragraph, Defendants are without information or

knowledge sufficient to form a belief as to the truth of the matters asserted therein and, on that basis, deny generally and specifically each and every allegation contained therein.

43. As to Plaintiffs' Prayer, Defendants deny generally and specifically each and every allegation relative to each of the Defendants. As to the remaining allegations contained in Plaintiffs' Prayer, Defendants are without information or knowledge sufficient to form a belief as to the truth of matters asserted therein and, on that basis, deny generally and specifically each and every allegation contained therein.

44. To the extent that the Defendants have not answered any of the allegations contained in the Complaint, Defendants deny generally and specifically each and every one of them.

## **AFFIRMATIVE DEFENSES**

## **FIRST AFFIRMATIVE DEFENSE**

### **(Failure To State a Claim)**

1. Some or all of the claims for relief contained in the Complaint fail to state facts sufficient to constitute a claim for relief against Defendants, or any of them.

## **SECOND AFFIRMATIVE DEFENSE**

### **(Statutes of Limitation)**

2. Some or all of the claims for relief contained in the Complaint are barred by the applicable statutes of limitation including, but not limited to, those contained in, inter alia, Cal. Civ. Proc. Code §§ 337, 337.2 338 and/or 339.

## **THIRD AFFIRMATIVE DEFENSE**

### **(Failure to Exhaust Administrative Remedies)**

3. The Complaint, and each and every purported claim for relief therein, is barred because Plaintiffs have failed to timely, properly and fully exhaust their administrative remedies.

# FOURTH AFFIRMATIVE DEFENSE

## (Statute of Frauds)

4. The Complaint, and each and every purported claim for relief, is barred by the statute of frauds.

# FIFTH AFFIRMATIVE DEFENSE

## (Plaintiffs' Conduct)

5. The Complaint, and each and every purported claim for relief, is barred or reduced because of the fraud, negligence or other comparable conduct or acts of Plaintiffs and/or their agents or representatives.

# SIXTH AFFIRMATIVE DEFENSE

## (Failure to Mitigate)

6. Plaintiffs were, and are, under a duty to mitigate damages, if any. Plaintiffs have failed to fulfill such duty; as a consequence, Defendants were, and are, exonerated from any liability to Plaintiffs, and damages, if any, are the sole and proximate result of Plaintiffs' failure to mitigate damages.

# SEVENTH AFFIRMATIVE DEFENSE

## (Unclean Hands)

7. The Complaint, and each and every purported claim for relief therein, is barred by Plaintiffs' unclean hands.

# EIGHTH AFFIRMATIVE DEFENSE

## (Equitable Estoppel)

8. The Complaint, and each and every purported claim for relief, is barred by the doctrine of equitable estoppel.

# NINTH AFFIRMATIVE DEFENSE

## (Waiver)

9. The Complaint, and each and every purported claim for relief therein, is barred by Plaintiffs' waiver of their claims against Defendants.

## TENTH AFFIRMATIVE DEFENSE

### (Laches)

10.     The Complaint, and each and every purported claim for relief therein, is barred by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Fault or Breach by Defendants)

11.     The Complaint, and each and every purported claim for relief therein, fails for the absence of any breach, fault or omission on the part of Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

### (Fault of Other Parties)

12.     Assuming, without admitting, for purposes of this affirmative defense only, that Plaintiffs have suffered or incurred any actionable loss or damages (which Defendants deny), then Defendants are informed and believe, and on that basis allege, that other persons or entities, whether or not parties to this action, and each of them, were fraudulent, careless, negligent, at fault or strictly liable in or about the matters alleged in the Complaint and that said fraud, carelessness, negligence, fault and/or strict liability proximately caused or contributed to the alleged loss and/or damages, if any.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Ratification)

13.     The Complaint, and each every purported claim for relief therein, is barred by the doctrines of consent, acquiescence, acceptance, ratification, knowledge and/or affirmance.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Release or Discharge of Claims)

14.     The Complaint, and each and every purported claim for relief therein, is barred to the extent one or more of such claims have been settled, compromised, released, or otherwise discharged.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Public Policy)

15.    The Complaint, and each and every purported claim for relief therein, is barred because permitting Plaintiffs to recover on their claim would violate public policy.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Subject Matter Jurisdiction)

16.    The Complaint, and each and every purported claim for relief therein, is barred because the Court lacks subject matter jurisdiction over the claims alleged in this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

17.    The Complaint, and each and every purported claim for relief therein, is barred due to the negligence of Plaintiffs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Intervening Causes)

18.    The Complaint, and each and every purported claim for relief therein, is barred, in whole or in part, because Plaintiffs' damages, if any, were directly and proximately caused by the acts and/or omissions of others over whom Defendants, or any of them, had no control.  Said acts and/or omissions intervened between the acts and omissions of Defendants, if any, and were the sole, direct, and proximate cause of Plaintiffs' damages, if any.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

19.    The Complaint, and each and every purported claim for relief therein, is barred, in whole or in part, on the ground that the alleged acts or omissions of Defendants were not the proximate cause of Plaintiffs' alleged damages, if any, and

Plaintiffs were not injured or damaged in fact by any of the acts or omissions alleged by Plaintiffs.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Performance and/or Discharge)

20.    The Complaint, and each and every purported claim for relief therein, is barred in whole or in part, because Defendants have duly and fully performed, satisfied and/or discharged any duties and obligations allegedly owed to Plaintiffs arising out of the purported Lease (as defined above).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Avoid Damages)

21.    The Complaint, and each and every purported claim for relief therein, is barred in whole or in part, by Plaintiffs' failure to take actions to avoid their alleged damages, if any.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

22.    The Complaint, and each and every purported claim for relief therein, is barred because Plaintiffs would be unjustly enriched if Plaintiffs prevailed on their claims against Defendants.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Exhaustion of Contractual Remedies/Obligations)

23.    The Complaint, and each and every purported claim for relief therein, is barred because Plaintiffs failed to exhaust and/or fulfill their contractual remedies/obligations as stated in the purported Lease (as defined above).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Improper Parties)

24.    Some or all of the claims for relief contained in the Complaint are barred because Plaintiffs have named parties that do not exist and/or should not have been included as defendants in this action.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Failure to Join Indispensible and/or Necessary Parties)

25.     The Complaint, and each and every purported claim for relief therein, is barred because Plaintiffs failed to join parties that are indispensable and/or necessary to their claims.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Law Relied on In Complaint Inapplicable)

26.     The Complaint, and each and every purported claim for relief therein, is barred because the Lease (as defined above) states that federal substantive law  will generally govern the Lease and the contractual relationship of the parties thereto.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Hold Harmless Clause)

27.     The Complaint, and each and every purported claim for relief therein, is barred because the Lease (as defined above) provides that "Owner and Agent shall not be held liable for death, losses or damages to person or property of Resident, Resident's guests, or occupants, caused by[, inter alia,] water . . . acts of other Residents," etc.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Reservation of Additional Defenses)

28.     Based upon additional investigation, further affirmative defenses may become apparent and Defendants reserve their right to amend this Answer as appropriate.

1    WHEREFORE, Defendants pray for judgment against Plaintiffs as follows:

2    1.    That Plaintiffs take nothing by reason of their Complaint;

3

4    2.    That Plaintiffs have a judgment of dismissal;

5    3.    That Defendants recover their costs of suit including, without

6    limitation, reasonable attorneys' fees and expert witness fees incurred herein; and

7    4.    For such other relief as the Court deems just and proper.

8

9    Dated:  February 16, 2011                ALLEN MATKINS LECK GAMBLE
                                                MALLORY & NATSIS LLP
10                                            A. KRISTINE FLOYD
                                              JULIE W. RUSS
11

12                                            By:   /s/ Julie W. Russ
                                                  _____
13                                                JULIE W. RUSS
                                                  Attorneys for Defendants
14                                                Lincoln BP Management, Inc.; Camp
                                                  Pendleton & Quantico Housing, LLC;
                                                  LPC Pendleton Quantico PM, Inc.;
15                                                Lincoln Military Property
                                                  Management, Inc.; and Lincoln
16                                                Property Company

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial as provided by Rule 38 of the Federal Rules of Civil Procedure.

Dated: February 16, 2011

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
A. KRISTINE FLOYD
JULIE W. RUSS

By: _/s/ Julie W. Russ_

JULIE W. RUSS
Attorneys for Defendants Lincoln BP Management, Inc.; Camp Pendleton & Quantico Housing, LLC; LPC Pendleton Quantico PM, Inc.; Lincoln Military Property Management, Inc.; and Lincoln Property Company