A. KRISTINE FLOYD (BAR NO. 155930)
JULIE W. RUSS (BAR NO. 198246)
ALLEN MATKINS LECK GAMBLE
    MALLORY & NATSIS LLP
1900 Main Street, Fifth Floor
Irvine, California 92614-7321
Phone: (949) 553-1313
Fax: (949) 553-8354
E-Mail: kfloyd@allenmatkins.com
        jruss@allenmatkins.com

Attorneys for Defendants
Lincoln BP Management, Inc.; Camp Pendleton &
Quantico Housing, LLC; LPC Pendleton Quantico
PM, Inc.; Lincoln Military Property Management,
Inc.; and Lincoln Property Company

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY WAGGONER, TIMIYA WAGGONER, a minor, by and through her guardian ad litem BRITTANY WAGGONER,<br><br>Plaintiffs,<br><br>vs.<br><br>LINCOLN BP MANAGEMENT, INC.; CAMP PENDLETON & QUANTICO HOUSING LLC; LPC PENDLETON QUANTICO PM, INC.; LINCOLN MILITARY PROPERTY MANAGEMENT, INC.; LINCOLN PROPERTY COMPANY; TEXAS LINCOLN PROPERTY; UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF DEFENSE AND UNITED STATES DEPARTMENT OF THE NAVY AND DOES 1 through 500, inclusive,<br><br>Defendants. | Case No. 11cv0277 IEG BLM<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

Subject to the approval of this Court, the following parties hereby stipulate to the following protective order: (1) Plaintiffs Timothy Waggoner and Timiya Waggoner, (2) the United States Federal Defendants, and (3) Defendants Lincoln BP Management, Inc., Camp Pendleton & Quantico Housing, LLC, LPC Pendleton Quantico PM, Inc., Lincoln Military Property Management, Inc. and Lincoln Property Company, erroneously also sued herein as named Defendant Texas Lincoln Property which is not a legal entity and does not exist (collectively "Lincoln Defendants"):

1. In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public and which concerns or relates to the processes, operations, type or work, or apparatus, of any entity, or any indentifying information of either past or present employees of the U.S. Government, the disclosure of which information may have the effect of causing harm to the competitive and confidential position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.

By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

2. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3. Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangement shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4. Material designated as confidential under this Order, the information contained herein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    (a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    (b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    (c) court report(s) employed in this action;

    (d) a witness at any deposition or other proceeding in this action; and

    (e) any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

6. Depositions shall be taken only in the presence of qualified person.

7. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as 'CONFIDENTIAL—ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained herein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 5(b) through (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

8. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

9. If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only Material, is included in any papers to be filed in Court, such papers shall be labeled "Confidential -- Subject to Court Order" and filed under seal until further order of this Court.

10. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

11. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as

1 | specified herein.  This Order shall not be deemed to prejudice the parties in any way
2 | I n any future application for modification of this Order.
3 |      12.   This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

13. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

The parties to this action, by their attorneys of record, so stipulate.

Dated: April 8, 2011

ALLEN MATKINS LECK GAMBLE &
MALLORY LLP
A. KRISTINE FLOYD
JULIE W. RUSS

By: /s/ Julie W. Russ

JULIE W. RUSS
Attorneys for Defendants
Lincoln BP Management, Inc.; Camp
Pendleton & Quantico Housing, LLC;
LPC Pendleton Quantico PM, Inc.;
Lincoln Military Property
Management, Inc.; and Lincoln
Property Company

Dated: April 7, 2011

UNITED STATES ATTORNEY
LAURA E. DUFFY

By: /s/ Andrew J. Osorno
ANDREW J. OSORNO
Special Assistant United States Attorney
Attorneys for Defendants United States of America, United States Department of Defense, and the United States Department of the Navy

Dated: _____, 2011

MILLER LAW, INC.
JOHN C. MILLER

By: _____
JOHN C. MILLER
Attorneys for Plaintiffs Timothy Waggoner and Timiya Waggoner, a Minor, by and through her Guardian ad Litem, Brittany Waggoner

## ORDER

The Court having reviewed the foregoing Stipulation, and good cause appearing therefor,

IT IS HEREBY ORDERED that such Stipulation shall become the Order of this Court.

DATED: ____, 2011

_____
UNITED STATES DISTRICT COURT JUDGE,
Southern District of California

Dated: _____, 2011

UNITED STATES ATTORNEY/SPECIAL ASSISTANT U.S. ATTORNEY
LAURA E. DUFFY
ANDREW J. OSORNO

By: _____
ANDREW J. OSORNO
Attorneys for Defendants United States of America, United States Department of Defense, and the United States Department of the Navy

Dated: 4-7, 2011

MILLER LAW, INC.
JOHN C. MILLER

By: _____
JOHN C. MILLER
Attorneys for Plaintiffs
Timothy Waggoner and Timiya Waggoner, a Minor, by and through her Guardian ad Litem, Brittany Waggoner

## ORDER

The Court having reviewed the foregoing Stipulation, and good cause appearing therefor,

IT IS HEREBY ORDERED that such Stipulation shall become the Order of this Court.

DATED: _____, 2011

_____
UNITED STATES DISTRICT COURT JUDGE,
Southern District of California

# EXHIBIT A

## AGREEMENT TO COMPLY WITH PROTECTIVE ORDER

I have read and have been given a copy of the Stipulation and Protective Order entered in the case of <u>Waggoner, et al. Lincoln BP Management, Inc., et al.</u> United States District Court Case No. 11cv0277 IEG BLM. I agree to abide by said Stipulation and Protective Order and not to reveal or otherwise communicate to anyone, or to utilize, any of the information disclosed to me pursuant thereto except in accordance with the terms of said Stipulation and Protective Order. I further agree to the jurisdiction of the Court over me to ensure my compliance with this Stipulation and Protective Order.

Dated: _____

_____
Signature

_____
Printed Name

_____
Entity By Whom Employed

_____
_____
Address and Telephone Number